# In the United States Court of Federal Claims

No. 13-940C
(Filed: December 30, 2015)

```
*************************************
SONOMA APARTMENT ASSOCIATES,       *
A California Limited Partnership,  *
                                   *
                                   *   Motion for Partial Summary Judgment on
                   Plaintiff,      *   Liability; Motion to Dismiss; ELIHPA;
                                   *   HCDA; Prepayment of Loan; Effect of Entry
v.                                 *   of Partial Summary Judgment on Liability
                                   *   for Breach of Contract on Fifth Amendment
THE UNITED STATES,                 *   Takings Claim
                                   *
                   Defendant.      *
*************************************
```

Michael G. Miller, Santa Rosa, CA, for plaintiff.

Jeffrey A. Regner, United States Department of Justice, Washington, DC, for defendant.

## OPINION AND ORDER

**SWEENEY**, Judge

     Plaintiff Sonoma Apartment Associates, a California Limited Partnership, obtained a loan from the federal government to construct rural low- and moderate-income housing. Plaintiff contends that the government improperly denied its request to prepay the balance of the loan, alleging both a breach of contract and a violation of the Takings Clause of the Fifth Amendment to the United States Constitution. Currently before the court are plaintiff's motion for partial summary judgment as to defendant's liability for breach of contract, and defendant's motion to dismiss plaintiff's takings claim. For the reasons set forth below, the court grants both motions.

### I. BACKGROUND

#### A. Factual History

     On September 4, 1984, plaintiff executed an agreement with the Farmers Home Administration of the United States Department of Agriculture in which the government agreed, pursuant to section 515 of the Housing Act of 1949, to lend plaintiff $1,261,080 to construct a

thirty-unit family apartment project at 59 West Agua Caliente Road, Sonoma, California.[1] Plaintiff agreed to repay the loan in installments over a fifty-year period.

In conjunction with the loan agreement, plaintiff executed two promissory notes in favor of the government, one for $1,222,650, and the other for $38,430. Both promissory notes reflected the fifty-year loan repayment period and included the following provision: "Prepayments of scheduled installments, or any portion thereof, may be made at any time at the option of Borrower providing the loan is in a current status." The promissory notes, in turn, were secured by a deed of trust. The deed of trust included a rider containing the following language:

> The borrower and any successors in interest agree to use the housing for the purpose of housing people eligible for occupancy as provided in section 515 of Title V of the Housing Act of 1949 and [Farmers Home Administration] regulations then extant during this 20-year period, beginning the date this instrument is filed of record.

The deed of trust was recorded on October 28, 1985.

After plaintiff executed the loan agreement, the promissory notes, and the deed of trust, Congress enacted two statutes that retroactively limited a borrower's right to prepay the balance of a loan made pursuant to section 515 of the Housing Act of 1949: the Emergency Low Income Housing Preservation Act of 1987 ("ELIHPA"), Pub. L. No. 100-242, 101 Stat. 1877 (1988), and the Housing and Community Development Act of 1992 ("HCDA"), Pub. L. No. 102-550, 106 Stat. 3672.

Plaintiff provided housing to eligible individuals for the twenty-year period described in the deed of trust rider. Subsequently, on November 5, 2010, plaintiff submitted a written request to Rural Development–THE agency within the United States Department of Agriculture responsible for the rural housing programs formerly administered by the Farmers Home Administration–to prepay the balance of its loan. On January 3, 2011, Rural Development sent a General Incentive Offer to plaintiff proposing several Specific Incentive Offers in lieu of accepting prepayment. Plaintiff rejected the offer, and on January 7, 2011, Rural Development rejected plaintiff's prepayment request.

### B. Procedural History

Plaintiff filed suit in this court on November 27, 2013, alleging that Rural Development improperly refused plaintiff's request to prepay the balance of its loan. It thereafter filed an amended complaint in which it asserted two claims for relief: breach of contract and a Fifth Amendment taking. Upon the close of discovery, plaintiff filed a motion for partial summary judgment as to the government's liability for breach of contract pursuant to Rule 56 of the Rules

---

[1] All facts are undisputed.

of the United States Court of Federal Claims ("RCFC"). In its response to plaintiff's motion, defendant conceded that the government was liable for breach of contract, noted that plaintiff did not seek summary judgment with respect to its Fifth Amendment takings claim, averred that the court need not address plaintiff's Fifth Amendment takings claim, and indicated that the only remaining issue was the quantum of plaintiff's damages.

Plaintiff, in its reply, reiterated its request for partial summary judgment as to the government's liability for breach of contract. It then addressed its Fifth Amendment takings claim. After remarking that defendant had not sought the dismissal of its takings claim, it asserted that "consideration of its takings claim may properly be deferred until resolution of its breach of contract claim, and that to the extent that it is fully compensated under the breach of contract claim, it is not entitled to, nor does it seek, a double recovery under its alternative takings theory." Reply 2; accord id. at 3 ("[T]he trial court may properly defer consideration of the taking issue in favor of first addressing the contract issue. [Plaintiff] reserves its right to continue to press its takings cause of action if it does not receive full compensation for the injury arising from the Government's conduct."); see also id. at 4 ("A trial should be set for the issue of damages for breach of contract . . . . To the extent [plaintiff's] damages are not resolved by the factual findings requested and the damages awarded for the Government's breach, then a trial should be set to resolve [plaintiff's] takings claim . . . .").

In light of plaintiff's representations regarding the continuing viability of its Fifth Amendment takings claim, the court directed that one or both parties file a dispositive motion with respect to that claim. Ultimately, defendant moved to dismiss the claim pursuant to RCFC 12(c) and RCFC 56.

Both plaintiff's motion for partial summary judgment and defendant's motion to dismiss are fully briefed. The court deems oral argument unnecessary.

## II. PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT

As noted above, plaintiff moves for partial summary judgment, contending that the government is liable for breach of contract. Summary judgment is appropriate when there is no genuine issue of material fact and the moving party is entitled to a judgment as a matter of law. RCFC 56(a); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). A fact is material if it "might affect the outcome of the suit under the governing law." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). An issue is genuine if it "may reasonably be resolved in favor of either party." Id. at 250. Entry of summary judgment is mandated against a party who fails to establish "an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp., 477 U.S. at 322.

In this case, there are no genuine issues of material fact. Indeed, defendant concedes that it is liable for breach of contract. Specifically, defendant represents that it anticipatorily repudiated plaintiff's promissory notes upon the enactment of ELIHPA and HCDA, and that the

repudiation ripened into a breach of contract on January 3, 2011, when Rural Development offered incentives to plaintiff in lieu of allowing plaintiff to prepay the balance of its loan. Accordingly, the court grants plaintiff's motion for partial summary judgment and finds the government liable for breach of contract.

### III.  DEFENDANT'S MOTION TO DISMISS

Next, defendant moves to dismiss plaintiff's Fifth Amendment takings claim pursuant to RCFC 12(c) and RCFC 56.  RCFC 12(c) allows for the entry for judgment "on the basis of the underlying substantive merits of the parties' claims and defenses as they are revealed in the formal pleadings."  5C Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1367 (3d ed. 2004).  "[W]hen considering a motion under RCFC 12(c), the court applies substantially the same test as it does for a motion to dismiss for failure to state a claim under RCFC 12(b)(6)."  Sikorsky Aircraft Corp. v. United States, 122 Fed. Cl. 711, 719 (2015); accord Peterson v. United States, 68 Fed. Cl. 773, 776 (2005) ("The legal standard applied to evaluate a motion for judgment on the pleadings is the same as that for a motion to dismiss.").  Therefore, the court "must assume each well-pled factual allegation to be true and indulge in all reasonable inferences in favor of the nonmovant . . . ."  Owen v. United States, 851 F.2d 1404, 1407 (Fed. Cir. 1988).  However, if "matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment and disposed of as provided in RCFC 56."  RCFC 12(d).  Under both RCFC 12(c) and RCFC 56, judgment is "appropriate where there are no material facts in dispute and the [moving party] is entitled to judgment as a matter of law."  New Zealand Lamb Co. v. United States, 40 F.3d 377, 380 (Fed. Cir. 1994); accord RCFC 56(a).

Plaintiffs are permitted to plead, in the alternative, a breach of contract and a Fifth Amendment taking.  Stockton E. Water Dist. v. United States, 583 F.3d 1344, 1368-69 (Fed. Cir. 2009); accord Integrated Logistics Support Sys. Int'l, Inc. v. United States, 42 Fed. Cl. 30, 34 (1998) ("[T]aking claims are not presumed to be foreclosed by claims for breach of express contract merely because the claims share the same factual background.").  However, "the concept of a taking as a compensable claim theory has limited application to the relative rights of party litigants when those rights have been voluntarily created by contract.  In such instances, interference with such contractual rights generally gives rise to a breach claim not a taking claim."  Sun Oil Co. v. United States, 572 F.2d 786, 818 (Ct. Cl. 1978) (citation omitted).  Specifically, "[t]aking claims rarely arise under government contracts because the Government acts in its commercial or proprietary capacity in entering contracts, rather than in its sovereign capacity.  Accordingly, remedies arise from the contracts themselves, rather than from the constitutional protection of private property rights."  Hughes Comm'cs Galaxy, Inc. v. United States, 271 F.3d 1060, 1070 (Fed. Cir. 2001) (citation omitted); accord St. Christopher Assocs., L.P. v. United States, 511 F.3d 1376, 1385 (Fed. Cir. 2008) ("In general, takings claims do not arise under a government contract because . . . the government is acting in its proprietary rather than its sovereign capacity, and because remedies are provided by the contract.").  Thus, when a plaintiff pleads, in the alternative, a breach of contract and a Fifth Amendment taking based on

the same government action, recovery for breach of contract typically precludes recovery for a Fifth Amendment taking.  See Stockton E. Water Dist., 583 F.3d at 1368 ("It has long been the policy of the courts to decide cases on non-constitutional grounds when that is available, rather than reach out for the constitutional issue.  And of course when a plaintiff is awarded recovery for the alleged wrong under one theory, there is no reason to address the other theories." (citation omitted)); Sun Oil, 572 F.2d at 817-18 ("Since plaintiffs would only be entitled to one recovery [due to the government action], it would seem that the taking claim is an alternative claim to the breach of lease contract claim.  Therefore, recovery on one claim theory would seem to preclude recovery on the other claim theory.").

In its motion to dismiss, defendant contends that plaintiff's Fifth Amendment takings claim should be dismissed upon the court's entry of partial summary judgment in plaintiff's favor on the issue of the government's liability for breach of contract.  It asserts that the taking alleged by plaintiff is the government's breach of its contractual obligation to accept plaintiff's prepayment of the balance of its loan, and that plaintiff does not have a takings claim separate from the claim arising from the breach of contract.  Plaintiff disputes defendant's characterization of its takings claim.  It contends that its takings claim is not solely premised on its contractual relationship with the government, but is also premised on its right to lease the real property encumbered by that contractual relationship.  Specifically, it avers:

> [Sonoma Apartment Associates ("SAA")] put an end to its contract with the Government by tendering prepayment per the terms of the agreement. . . . Since SAA tendered prepayment, the relationship has not been based on a consensual agreement or contract.  SAA did not agree, and does not agree, to be in a continuing contractual relationship with the Government at any time past its tender of prepayment.  Any continued effort by the Government to force SAA to restrict its use of its property in accordance with the terms of the loan agreement is a de facto partial taking of that property, not based on contract, but simply on the Government's belief that low-income housing is beneficial to the public at large.

Pl.'s Resp. 9; accord id. at 10 (contending that its breach-of-contract and takings claims "are conceptually distinct, with one flowing from the violation of a contract term and the other from the violation of an underlying property right, albeit that the same factual conduct by the Government gave rise to both claims").  Plaintiff further asserts that its damages for its breach-of-contract claim may not be duplicative of its damages for its takings claim.  Defendant, in its reply, contends that the only property right at issue is plaintiff's contractual right to prepay the balance of its loan; that the government is unable to accept plaintiff's offer of prepayment due to the enactment of ELIHPA and HCDA, and that, as a result, plaintiff's contracts with the government remain in effect for their full fifty-year terms; and that damages are the same for both plaintiff's breach-of-contract claim and plaintiff's takings claim.

As plaintiff acknowledges, its breach-of-contract and Fifth Amendment takings claims are premised upon the same conduct–the government's inability to honor its contractual

obligation to accept plaintiff's offer to prepay the balance of its loan due to the enactment of ELIHPA and HCDA. Indeed, even if the court accepts plaintiff's characterization of its takings claim as flowing from the government's unilateral imposition of a continuing contractual relationship notwithstanding its breach, it is readily apparent that but for the government's breach of contract, plaintiff would not have a viable takings claim. In a nonbreach world, the government would have accepted plaintiff's offer to prepay the balance of its loan. As a result, the parties' contractual relationship would have ceased, leaving the real property at issue unencumbered by the restrictions set forth in the deed of trust rider. In other words, it is only because of the government's breach of contract that plaintiff has a cause of action against the government. And, because plaintiff's relationship with the government is controlled by contract, plaintiff's remedy for the government's refusal to accept plaintiff's offer to prepay the balance of its loan is a claim for breach of contract. Consequently, the court must dismiss plaintiff's takings claim. Accord Franconia Assocs. v. United States, 61 Fed. Cl. 718, 737-40 (2004) (rejecting, in a case with analogous facts, the plaintiffs' Fifth Amendment takings claim because (1) the government's infringement of the plaintiffs' contractual right to prepay the balance of their loans was remediable through a breach-of-contract claim, and (2) Congress, in enacting ELIHPA and HCDA, did not appropriate the real property at issue for public use); Allegre Villa, a Ltd. P'ship v. United States, 60 Fed. Cl. 11, 18 (2004) (holding, in a case with analogous facts, that the plaintiffs "rested [their] claim on a contract right to prepayment that was substantially limited by subsequent legislation," and that "[g]iven that contract right, plaintiffs' recovery lies in a theory of breach, not takings").

The case law cited by plaintiff does not compel a different result. For example, plaintiff relies upon Cienega Gardens v. United States, 331 F.3d 1319 (Fed. Cir. 2003), for the proposition that the enactment of ELIHPA and another similar statute can constitute a compensable Fifth Amendment taking. See id. at 1338 (agreeing that the enactment of the two statutes "had the character of a taking because the statutes authorize the continuing physical occupation of particular developers' properties to address a societal shortage of low-income housing and that this is intrusive beyond the level of traditional governmental limits on land titles"). However, in that case, the government was not contractually obligated to accept prepayment of the plaintiffs' loan balances; rather, the prepayment provision was included in "a deed of trust note payable to a private lending institution." Cienega Gardens v. United States, 194 F.3d 1231, 1234 (Fed. Cir. 1998). Because there was no privity of contract between the government and the plaintiffs with respect to the prepayment provision, the plaintiffs lacked a breach-of-contract remedy against the government. Id. at 1234, 1246. Thus, Cienega Gardens is distinguishable from this case.

Plaintiff also relies upon Integrated Logistics, in which the court noted that a Fifth Amendment takings claim is not necessarily precluded by a breach-of-contract claim based on the same facts. See 42 Fed. Cl. at 34. In that case, the court was unable to ascertain, based solely on the allegations set forth in the complaint, whether the plaintiff's contract with the government addressed the government's rights to possess, use, own, and alienate the property at issue. Id. at 35. It therefore declined to dismiss the plaintiff's takings claim, allowing the plaintiff to plead its

takings and breach-of-contract claims in the alternative.  Id.  This case, in contrast, has moved beyond the pleadings stage; indeed, the court has ruled that plaintiff is entitled to partial summary judgment on the issue of the government's liability for breach of contract.  Moreover, the court has concluded that plaintiff's relationship with the government is controlled by contract, precluding a takings claim.  Therefore, Integrated Logistics is inapposite.

Also without merit are plaintiff's attempts to distinguish various decisions cited by defendant on the ground that the courts in those cases did not address the argument that plaintiff advances here:  that by forcing plaintiff to continue in a contractual relationship, the government is depriving plaintiff from enjoying all of the property rights inherent in its fee simple ownership of the apartment project.  However, the decisions cited by defendant, including St. Christopher Associates and Allegre Villa, rest on the proposition that a Fifth Amendment takings claim is not viable when the parties' rights and obligations are governed by contract.  See Hughes Comm'cs Galaxy, 271 F.3d at 1070; Sun Oil, 572 F.2d at 818; accord Stockton E. Water Dist., 583 F.3d at 1368.  This proposition is set forth in binding precedent, and the court will not disregard it.  Moreover, by characterizing the government's conduct as a forced contractual relationship, plaintiff appears to be challenging the validity or lawfulness of that conduct.  But, to maintain a takings claim, a plaintiff must concede the validity of the government's actions.  See Reg'l Rail Reorg. Act Cases, 419 U.S. 102, 126-27 & n.16 (1974); Tabb Lakes, Ltd. v. United States, 10 F.3d 796, 802-03 (Fed. Cir. 1993).

In short, plaintiff has not established that it possesses a viable Fifth Amendment takings claim separate and distinct from its claim for breach of contract.

### IV.  CONCLUSION

For the foregoing reasons, the court **GRANTS** plaintiff's motion for partial summary judgment as to the government's liability for breach of contract, and **GRANTS** defendant's motion to dismiss plaintiff's Fifth Amendment takings claim.  This case is now ripe for an adjudication of the quantum of plaintiff's damages.  Thus, the parties shall confer, and then by **no later than Friday, January 29, 2016**, file a joint status report containing (1) a suggested schedule for pretrial proceedings; (2) at least three proposed trial dates (along with an estimated trial length); and (3) a proposed trial location.

**IT IS SO ORDERED.**

s/ Margaret M. Sweeney<br>
MARGARET M. SWEENEY<br>
Judge