# In the United States Court of Federal Claims

No. 13-940C
(Filed: February 2, 2018)
NOT FOR PUBLICATION

```
*************************************
SONOMA APARTMENT ASSOCIATES,        *
A California Limited Partnership,   *
                                    *
                Plaintiff,          *      Motion for Reconsideration; Intervening
                                    *      Change in Law; Tax Neutralization
v.                                  *      Payment; Tax Cuts and Jobs Act, Pub. L.
                                    *      No. 115-97
THE UNITED STATES,                  *
                                    *
                Defendant.          *
*************************************
```

## ORDER

On December 28, 2017, defendant in the above-captioned case filed a motion for reconsideration of the court's December 1, 2017 judgment, arguing that the December 22, 2017 enactment of the Tax Cuts and Jobs Act, Pub. L. No. 115-97, 131 Stat. 2054 (2017), constitutes a change of law that necessitates a recalculation of the tax neutralization payment awarded to plaintiff.  In accordance with the court's January 8, 2018 order, plaintiff filed a response to defendant's motion on February 1, 2018.  It argues that defendant has not shown that there was an intervening change in the controlling law and that denial of defendant's motion is warranted for public policy reasons and the interests of justice.

A motion for reconsideration is a request for extraordinary relief and is not to be used by a dissatisfied party to relitigate the case.  Caldwell v. United States, 391 F.3d 1226, 1235 (Fed. Cir. 2004); Four Rivers Invs., Inc. v. United States, 78 Fed. Cl. 662, 664 (2007); Fru-Con Constr. Corp. v. United States, 44 Fed. Cl. 298, 300 (1999), aff'd per curiam, 250 F.3d 762 (Fed. Cir. 2000) (unpublished table decision).  Thus, such a motion "does not provide an occasion for a party 'to raise arguments that it could have raised previously, but did not'" or to "'reassert arguments that the Court already has considered.'"  Four Rivers Invs., Inc., 78 Fed. Cl. at 664 (quoting Browning Ferris Indus., Inc. & Subsidiaries v. United States, No. 05-738T, 2007 WL 1412087, at *1 (Fed. Cl. May 10, 2007)).  Rather, a court "'may grant a motion for reconsideration when there has been an intervening change in the controlling law, newly discovered evidence, or a need to correct clear factual or legal error or prevent manifest injustice.'"  Biery v. United States, 818 F.3d 704, 711 (Fed. Cir. 2016) (quoting Young v. United States, 94 Fed. Cl. 671, 674 (2010)).  "The decision whether to grant reconsideration lies largely

within the discretion of the [trial] court." Yuba Natural Res., Inc. v. United States, 904 F.2d 1577, 1583 (Fed. Cir. 1990).

The court has reviewed the parties' submissions, and finds that plaintiff's arguments are more compelling. As an initial matter, in concluding that plaintiff was entitled to a tax neutralization payment, the court held that it was reasonable for plaintiff to use 2015 tax rates to project plaintiff's partners' future tax liabilities:

> In calculating the tax neutralization payment, Dr. Ben-Zion used the federal and state income tax rates for 2015 to project the partners' tax liabilities for each year from 2016 through 2035 because it was impossible to predict how Congress might change the income tax rates in the future. The court finds Dr. Ben-Zion's use of 2015 income tax rates to project future tax liabilities to be reasonable. As Dr. Ben-Zion recognized, it is impossible to predict what Congress might do in the future . . . . Therefore, Dr. Ben-Zion's use of existing income tax rates is no more speculative than the use of any other income tax rates.

Opinion & Order 83. The fact that Congress amended the Internal Revenue Code after this court entered judgment merely reinforces the impossibility of predicting future changes to the Internal Revenue Code. Therefore, the postjudgment enactment of the Tax Cuts and Jobs Act has no bearing on the court's earlier holding that it was reasonable for plaintiff to base its projections on 2015 tax rates. As plaintiff remarks, "[t]he fact that tax rates and applications could change in the future was already taken into account by the court in reaching its decision on appropriate damages." Resp. 4.

Furthermore, the court concluded that plaintiff's simplified approach to calculating a tax neutralization payment was appropriate, explaining that "requiring Dr. Ben-Zion's methodology to account for every possible event that might affect the partners' future tax liabilities risks making the necessary calculations so complex and unwieldy that the amount of a tax neutralization payment could never be determined, notwithstanding the appropriateness of the remedy." Opinion & Order 80. The fact that the Tax Cuts and Jobs Act significantly overhauls the Internal Revenue Code and might, as a result, significantly alter plaintiff's partners' future tax liabilities, only reinforces the court's acceptance of plaintiff's simplified methodology.

In sum, defendant has not established that the Tax Cuts and Jobs Act constitutes an intervening change in controlling law that necessitates a recalculation of the tax neutralization payment awarded to plaintiff. Therefore, the court **DENIES** defendant's motion for reconsideration.

**IT IS SO ORDERED.**

s/ Margaret M. Sweeney
MARGARET M. SWEENEY
Judge
